NOV 1 5 1976

*Do Atty Gen.
11/15/76*

MEMORANDUM FOR THE ATTORNEY GENERAL

Re: J. Edgar Hoover memorabilia

You have asked for my advice concerning memoranda from FBI Director Kelley dated October 20, 1976. These memoranda appear to seek guidance relative to the proper disposition of certain memorabilia such as plaques, congratulatory messages and awards made to the late J. Edgar Hoover during his service as Director of the FBI. For reasons set out in some detail below, I have concluded that most, if not all, of the memorabilia in question were the personal property of Mr. Hoover. This conclusion leads me to recommend that immediate steps be taken to notify the executor of the estate of Mr. Clyde A. Tolson of the existence of these memorabilia and to give the executor, Mr. John P. Mohr, the fullest cooperation in ensuring that this property is disposed of according to law.

## BACKGROUND

From the file forwarded with the Director's memoranda, and from information provided by Mr. Quick of the FBI, the chain of events surrounding the property in question appears to be as follows. Shortly after Mr. Hoover's death on May 2, 1972, a substantial quantity of memorabilia was removed from Mr. Hoover's office and the reception room to that office under the apparent direction of Miss Helen W. Gandy, former Executive Assistant to Mr. Hoover. During this process, Miss Gandy apparently made ad hoc judgments concerning which of the items Mr. Hoover would have considered to be his personal property and which items he would have considered to be property of the Government. The latter category of property was apparently segregated from the former, put in boxes, stored in various places by the FBI, and is the subject of the present inquiry.

When Mr. Hoover's estate was inventoried and appraised in connection with the probating of his will, the existence of the memorabilia in the custody of the FBI was not brought to the attention of the appraiser or the court. It is not known whether it was brought to the attention of Mr. Clyde A. Tolson, who had been nominated as Executor of his estate by Mr. Hoover and who also was the residual beneficiary of Mr. Hoover's estate. Thus, when Mr. Hoover's will was probated, the memorabilia, <u>if they were the personal property of Mr. Hoover</u>, should have been included in Mr. Hoover's estate for estate tax purposes and should have passed to Mr. Tolson as part of the residue of Mr. Hoover's estate.

Mr. Tolson died on April 14, 1975, leaving two documents purporting to be his last will and testament. His nominated executor, John P. Mohr, filed one of those documents for probate in the D.C. courts. Under a provision of a codicil to that document, memorabilia associated with Mr. Hoover were bequeathed to Mr. Mohr for the purpose of having them exhibited in the new J. Edgar Hoover FBI building. 1/ The probation of this document as Mr. Hoover's last will and testament was contested by his brother, which led to the appointment of a collector. That collector, in accounting for the assets of Tolson's estate to the court, understandably did not include in his inventory those Hoover memorabilia held by the FBI since Hoover's death. He did inventory various Hoover memorabilia located in Tolson's home in Northwest Washington. 2/ The FBI has informed me that Tolson's brother has recently settled his suit against probate of Tolson's will for a consideration of $100,000.

---

1/ Mr. Tolson's apparent intent was to establish a testamentary trust with Mr. Mohr as trustee and the people of the United States as beneficiaries.

2/ Whether the testamentary trust of memorabilia Tolson apparently sought to establish was intended to include only the Hoover memorabilia in his home or was intended to include the memorabilia in the custody of the FBI is a question which the file affords no basis for resolving.

- 2 -

## DISPOSITION OF MEMORABILIA HELD BY THE FBI

With the possible exception noted hereafter, it is my view that any items in the memorabilia that were presented to Mr. Hoover in recognition of his service were his personal property. None of the items on the recent inventory taken by FBI personnel would appear to be of any particularly great value or to present the possibility of their having been given by the donors to the United States. From this conclusion, it would appear to follow that these items were includable in his gross estate and also that title to them should have passed to Mr. Tolson under Mr. Hoover's will. Their present status would then be that they are properly includable in the estate of Mr. Tolson.

The only possible exceptions are some 19 items from the inventory lists that were apparently gifts from foreign dignitaries or foreign law enforcement organizations. Under 5 U.S.C. §7342, such gifts or awards of more than minimal value, if accepted, are accepted on behalf of the United States and their acceptance invokes the procedures established in §7342 and regulations prescribed by the Secretary of State. Of these 19 items only two items - numbers 13 and 14 in box 4 - would appear possibly to be of more than minimal value and therefore possibly subject to §7342.

## MEMORABILIA PRESENTLY INCLUDED IN TOLSON ESTATE

These memorabilia are of interest to the United States only to the extent that the United States may choose to accept them as part of the trust that Mr. Tolson apparently desired to establish. Assuming that Mr. Tolson's will is eventually probated, these items would become the property of the United States in the manner prescribed in the codicil provision unless the United States declined to accept them.

- 3 -

## RECOMMENDATION

I recommend that this entire matter be referred for appropriate action to the Civil Division which, under 28 CFR 0.45(a), has jurisdiction with respect to gifts and bequests to the United States.

John P. Mohr, the executor of Mr. Tolson's estate, should be contacted and given the full details concerning the events leading to the present problem. The Civil Division can then work out arrangements with Mr. Mohr concerning disposition of the memorabilia.

Antonin Scalia
Assistant Attorney General
Office of Legal Counsel

- 4 -